**AFFIRM; and Opinion Filed August 21, 2013.**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-12-01674-CR**
_____

**CHARLES EARL KENNIMER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1230508-H**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

The State indicted appellant Charles Earl Kennimer for the offense of driving while intoxicated. After the trial court denied his motion to suppress, appellant entered a plea agreement, and the trial court sentenced him to three years' imprisonment. In a single issue, appellant argues the trial court erred in denying his motion to suppress. The State has failed to file a responsive brief. We affirm the trial court's judgment.

The State presented one witness at the motion to suppress hearing. Officer Keith Wester testified that on the morning of May 21, 2012 he stopped appellant because of "his driving behavior." Officer Wester first observed appellant pause for two or three seconds after a traffic light turned green, then slowly accelerate forward, and finally rapidly accelerate. He also testified appellant "flipped my partner off in the squad car next to him." He testified appellant then crossed over into the adjacent lane, and his partner backed off in his squad car.

The two-minute video recorded by Officer Wester corroborates his testimony. The video shows Officer Wester approaching the intersection where his partner and appellant were stopped at a red light. Officer Wester's partner was in a squad car in a lane to the left of appellant, who was driving a truck. Once the light turned green, appellant waited for a few seconds before slowly moving forward and then accelerating. Appellant's truck almost immediately began to glide to the left near the dividing line—and the officer's car. The officer braked and began to drop back as appellant's truck continued to move within the lane. Appellant then glided back to the dividing line and rode on top of the line for several seconds before completely crossing into the adjacent lane with both left tires. Appellant then continued down the street riding on top of the line before making a right-hand turn. Officer Wester then activated his lights, and appellant pulled into a parking lot.

Officer Wester testified he stopped appellant "for intoxication," but when pressed further during cross-examination, he stated the basis of the stop was failure to maintain a single marked lane.

At the end of the suppression hearing, the trial court stated:

> Well, the officer testified that, initially on Direct, that based on everything that he observed, that he thought that the Defendant might be intoxicated based on the driving facts, and I think based on the shooting of the bird, it does support a reasonable suspicion that the Defendant is driving while intoxicated.

The court then denied the motion to suppress.

The trial court entered findings of fact and conclusions of law. The court found that "based on Officer Wester's observations of Defendant's driving behavior and the obscene hand gesture, there was reasonable suspicion that the Defendant was driving while intoxicated." The court concluded the stop and ensuing search were valid "based on the totality of the circumstances."

–2–

In reviewing a trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When a trial court makes explicit fact findings, as is the case here, the appellant court determines whether the evidence, viewed in the light most favorable to the trial court's ruling, supports the fact findings. *Id*. The appellate court then reviews the trial court's legal ruling de novo unless the trial court's supported-by-the-record explicit fact findings are also dispositive of the legal ruling. *Id*. If a trial court's ruling is supported by the record, we will affirm that ruling if there is any valid theory that supports the ruling, even if that theory was not presented to the trial court. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). Moreover, the deferential standard of review also applies when a trial court's determination of historical fact is based upon a videotaped recording admitted into evidence. *Tucker v. State*, 369 S.W.3d 179, 185 (Tex. Crim. App. 2012).

Appellant relies on *Hernandez v. State*, 983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref'd) to support his position that a slight drift into an adjacent lane of traffic does not provide an officer with reasonable suspicion to justify a warrantless stop for driving while intoxicated. In that case, an officer pulled the defendant over after he observed the defendant swerve to the left and fail to maintain a single lane of traffic. *Id*. at 867. After seeing the slight swerve, the officer initiated the traffic stop within a few seconds for failing to maintain a single-marked lane. *Id*. at 868. The officer further testified he observed nothing else suspicious about the defendant's driving, and there was nothing unsafe or improper about the lane movement.

On appeal, the court initially noted "[T]here are a myriad of reasons why the wheels of a vehicle might drift slightly across a lane marker a single time." *Id*. at 870. Further, the officer did not testify to any objective circumstances that would have led a reasonable officer to believe

the defendant was driving while intoxicated. *Id.* Rather, he only said he was "concerned about the driver's well-being."

The court concluded the legislative history of Texas Transportation Code section 545.060 indicated a violation occurs only when a vehicle fails to stay within its lane and such movement is not safe or is not made safely. *Id.* at 871. The officer testified there was nothing unsafe or improper about defendant's lane change and very few vehicles were around at the time. *Id.* at 868. Accordingly, the court concluded the State did not carry its burden of demonstrating the reasonableness of the stop based on a suspicion the defendant had violated section 545.060 of the transportation code. *Id.* at 872; *see also* TEX. TRANSP. CODE ANN. 545.060(a) (noting an operator of a car "shall drive as nearly as practical entirely within a single lane; and may not move from one lane unless that movement can be made safely") (West 2011).

Since *Hernandez*, several courts have followed its holding. *See Fowler v. State*, 266 S.W.3d 498, 499 (Tex. App.—Fort Worth 2008, pet. ref'd); *State v. Arriaga*, 5 S.W.3d 804, 807 (Tex. App.—San Antonio 1999, pet. ref'd). However, we do not find these cases dispositive with respect to the issue and record before us in this appeal.

An officer's stated purpose for a stop can neither validate an illegal stop nor invalidate a legal stop because its legality rests on the totality of the circumstances viewed objectively. *See Simpson v. State*, 29 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *State v. Morales*, No. 04-02-00125-CR, 2002 WL 31423886, at *2 (Tex. App.—San Antonio Oct. 30, 2002, no pet.) (not designated for publication). An officer's stated reason for a stop is not controlling if there is an objectively reasonable basis for the stop as shown by the evidence. *See also Galindo v. State*, No. 08-03-00236-CR, 2004 WL 1903404, at *3 (Tex. App.—El Paso Aug. 26, 2004, no pet.) (mem. op., not designated for publication). Thus, we must determine whether the objective facts testified to by Officer Wester show that he had reasonable suspicion to justify

–4–

stopping appellant regardless of the fact that when asked by the defense for the exact reason for the stop, he testified "failure to maintain a single marked lane." *See Hughes v. State*, No. 02-07-370-CR, 2008 WL 4938278, at \*3 (Tex. App.—Fort Worth Nov. 20, 2008, pet. ref'd) (stating reviewing court must look to objective facts to determine reasonable suspicion for stop regardless of the sole reason stated in an officer's report).

After reviewing the evidence as stated above and giving full consideration to the totality of the circumstances, as we must, we conclude Officer Wester did not stop appellant solely for failing to maintain a single lane. Rather, he observed driving behavior that could reasonably lead him to believe appellant was driving while intoxicated. Thus, the evidence supports the trial court's findings and conclusions that Officer Wester had reasonable suspicion to believe appellant was driving while intoxicated.

Accordingly, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121674F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES EARL KENNIMER, Appellant

No. 05-12-01674-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1230508-H.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered this 21st day of August, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE